UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ABRAHAM PORTNOV,　　　　　　　　　　　Case No. 1:20-cv-475
　　　Plaintiff,　　　　　　　　　　　　　　　　　McFarland, J.
　　　　　　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.
　　vs.

CHAD A. READLER,　　　　　　　　　　　　REPORT AND
　　　Defendant.　　　　　　　　　　　　　　　RECOMMENDATION

　　　　Plaintiff, a resident of West Vancouver, British Columbia, Canada, brings this pro se action against Chad A. Readler, former Acting Assistant Attorney General for the United States Department of Justice. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

　　　　In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th

Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's pro se complaint alleges the following:

I, Abraham Portnov, pro se, brought the complaint against Defendant, which was in the DOJ Defendants Team in the Cases No. 17-2293 Court of Appeal for the Federal Circuit (CAFC). As show the CAFC documents, the Defendants' Team: Chad A. Readier, Acting Assistant Attorney General; Robert E. Kirschman, Jr. Director; Deborah A. Bynum, Assistant Director; Steven C. Hough, Trial Attorney defense was "fraud upon the court" and even criminal. Since from June 2014 my constitutional rights for protection were violated, in 2017 I filed a complaint with the U.S. Court of Federal Claims (CFC) against the United States. DOJ delegated attorney Hough to intervene to court's process. He wasn't in the case in duty, as Defendant or some else. The court's "Opinion and Order" was 100% fraudulent fairy tale. Every(!!) allegation was fraud, no one cited example was similar to the complaint. Even with deception, the court's decision to dismiss complaint turned out to be erroneous. I appealed to the CAFC.

As show court's documents, Defendants Team, including Chad A. Readier, Acting Assistant Attorney General, ("... we respectfully request ...", "Respectfully submitted ..." made falsification documents, fraudulent allegations, offensive statement. The Team, including Chad A Readier, in their Brief to CAFC stated: "... the Court of Federal Claims correctly held that it lacked jurisdiction to decide Mr. Portnov's claims against Carnival, a private entity, and "individual federal judicial officers". But, if it wasn't (they weren't!) in the complaint to CFC this claims, there cannot be "tort", "luck of jurisdiction" - the fabricated by DOJ reason to dismiss the complaint. Then Defendants invited another trick for fixing this "Opinion's oversight, the erroneous. They added to the Seattle court judge's sentence the name of judge Grewal, which changed the defendant from the United States to judge Grewal in the Seattle court: "monetary relief from a defendant"-Magistrate Judge Grewal" who is immune from such relief." This sentence they used for justify ... the CFC order. They allowed themselves offensive allegation: "Mr. Portnov's tort claims include various allegations of fraud". In order that my answer on their fraud will not be filed with the CAFC, the DOJ Defendants or someone else several times deleted my answer from the court and then 10 + times deleted my request for oral argument. Chad A. Readier must know and he knew about this, since I informed

3

> Team, Chief judge, some DOJ offices. Clerk's staff managed till deadline to file my documents, but court did not allow me to participate the trial. As the defense was so illegal, fraudulent, that could be named more than "fraud upon the court", and that, thus, the CAFC judgment must be void, I filed complaint with Utah Court to name the DOJ Defendants' defense invalid. Two Utah Court's Chief judges for 16 months screened(?) complaint. They didn't find a legal way to justify DOJ Defendants' illegal actions, that means that they were agree the Defendants' actions were "fraud upon the court". Therefore they decided to dismiss the case for improper venue. For this they named Chad A. Readier, Acting Assistant Attorney General and other DOJ Team the "several attorneys", who reside in the DOJ main address and in the PO BOX.

(Doc. 1-2 at PAGEID#: 7). As relief, plaintiff requests "the court to allow me to participate in the Trial with jury, in which the Chad A. Readier action and a possibility for relief would be determined." (*Id.*).

Plaintiff's pro se complaint is rambling, difficult to decipher, and virtually incomprehensible. Plaintiff's complaint provides no factual content or context from which the Court may reasonably infer that the defendant violated plaintiff's rights. *Iqbal*, 556 U.S. at 678. Plaintiff's allegations generally amount to legal conclusions that in themselves are insufficient to give the defendant or the Court notice of the factual basis for plaintiff's claims. *Twombly*, 550 U.S. at 555. Accordingly, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

In any event, even if plaintiff's complaint stated a claim for relief, defendant Readler would be afforded absolute immunity from suit. "[G]overnment attorneys who undertake the defense of a civil suit enjoy the same absolute immunity as that enjoyed by government prosecutors." *Al-Bari v. Winn*, 907 F.2d 150 (6th Cir. 1990) (citing *Murphy v. Morris,* 849 F.2d 1101 (8th Cir.1988); *Barrett v. United States,* 798 F.2d 565 (2d Cir.1986)). Therefore, the complaint should be dismissed on this basis as well.

4

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED** with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 6/30/2020

Karen L. Litkovitz, Magistrate Judge
United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ABRAHAM PORTNOV,  Case No. 1:20-cv-475
    Plaintiff,  McFarland, J.
                                                                         Litkovitz, M.J.
    vs.

CHAD A. READLER,
    Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).